UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR KIONI GONGORA,<br><br>Defendant. | No.  1:21-cr-00044-DAD<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO VACATE OR REDUCE HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. Nos. 44, 46) |

Defendant Hector Kioni Gongora is a federal prisoner proceeding *pro se* with requests to vacate, set aside, or correct his sentence, presumably pursuant to 28 U.S.C. § 2255.  (Doc. Nos. 44, 46.)

In defendant's first letter request to the court he seeks the award of time credit toward his federal sentence for time he served in state custody at the Fresno County Jail while awaiting sentencing in this case.  (Doc. No. 18 at 19–20.)  It appears undisputed that defendant received full time credits toward his state prison sentences that were imposed after his federal sentencing for the time he spent in local custody.  In his second letter request, construed by the court as a motion to correct the sentence imposed in this case, defendant again seeks the same time credit relief as requested in his first letter and also seeks a reduction in his federal sentence pursuant to what he believes is a new law governing federal sentencing in cases involving methamphetamine.

1

Neither of defendant Gongora's requests, construed by the court as motions, are meritorious and both will be denied.

On June 29, 2026, defendant Gongora entered an open plea of guilty to possession with the intent to distribute 5 grams or more of actual methamphetamine and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  (Doc. Nos. 1, 15, and 39.)  On September 20, 2021, he was sentenced to the custody of the Bureau of Prisons for 120 months with a 36–month term of supervised release to follow on each of the three counts with those sentences to run concurrently.  (Doc. Nos. 30, 32, and 40.)  Thereafter, defendant Gongora appealed and his judgment and conviction and sentence were affirmed by the Ninth Circuit.  (Doc. Nos. 42, 43.)

In his first request for relief, defendant Gongora essentially seeks a retroactive designation of the state institution for service of his later imposed federal sentence pursuant to 18 U.S.C. § 3621(b) that, if granted, would result in defendant's federal sentence running concurrent with the later imposed state court sentences.  (Doc. No. 44.)  Based upon review of the circumstances of this case, the court will not grant the requested relief.  The federal charges to which the defendant pled guilty, involving drug trafficking and firearms, were quite serious.  Moreover, there were a number of aggravating factors present including defendant's extensive and violent criminal record involving drug and firearm offenses (much of which was too dated to score under the sentencing guidelines), his prior gang affiliation, and the fact that he had four separate yet to be resolved felony cases pending against him in state court.  (Doc. No. 18 at 33.)  Moreover, the state charges pending against the defendant at the time this court imposed its sentence were also serious and/or violent and were unrelated to the offense conduct charged in this federal case.  (*Id.* at 19–22.)  Even if the court could have at the time of the federal sentencing which occurred first in time, it would not have run the federal sentence concurrent to the later imposed state sentences which addressed completely unrelated criminal offenses committed by the defendant.

/////

2

In his second request, defendant asks the court "for a re-sentence due to new laws that have been in effect" and states that "they hit me with a purity law that I believe they got rid of so my time should drop and the methamphetamine law went down as well." (Doc. No. 46.)  While not entirely clear, it appears that defendant Gongora may be referring to a proposed amendment to the U.S. Sentencing Guidelines (U.S.S.G.) announced during the 2025–26 cycle that, if adopted, could have eliminated the methamphetamine purity distinctions between actual methamphetamine,  mixtures containing methamphetamine, and "Ice."[1]  However, that proposed amendment was ultimately not adopted by the Sentencing Commission.  Thus, defendant is mistaken in his belief that there has been a change in the law that should result in the reduction of his sentence.

For the reasons explained above, defendant Gongora's requests (construed as motions to modify or reduce his sentence) to retroactively designate the state institution for service of his federal sentence pursuant to 18 U.S.C. § 3621(b) (Doc. No. 44) and to modify his sentence pursuant to an amendment of the U.S. Sentencing Guidelines which was not adopted (Doc. No. 46) are both denied without prejudice.[2]  Finally, the Clerk of the Court is directed to once again close this case.

IT IS SO ORDERED.

Dated:  __June 17, 2026__                    _____
                                             DALE A. DROZD
                                             UNITED STATES DISTRICT JUDGE

---

[1]  At the time of his sentencing defendant Gongora's base offense level was determined to be 30 under U.S.S.G. 2D1.1(c)(5) based upon a determination that his offense involved at least 50 grams but less than 150 grams of actual methamphetamine.  (Doc. No 18 at 7.)  Accordingly, any such amendment to the Sentencing Guidelines could have a potential impact on his sentence if applied retroactively.

[2]  Specifically, defendant's request is denied without prejudice to its renewal in the future should the Sentencing Commission amend the U.S. Sentencing Guidelines to eliminate the methamphetamine purity distinctions between actual methamphetamine and a methamphetamine mixture.